lished tariff rates the storage charges at less than cost is a discrimination.

Under the doctrine enunciated in New York, New Haven & Hartford R. R. Co. v. Interstate Commerce Commission, 200 U.S. 361, 26 S.Ct. 272, 50 L.Ed. 515, I agree there is no practical distinction between service charges on the basis of cost and reasonable or fair value, but I am apprehensive that the effect thereof will be to substitute the uncertainty of rates in reliance upon business competition for the certainty of published tariff rates, and as a practical result the cost to shippers, and incidentally to the public, may, and probably will, increase, since the warehousemen are not subject to any regulatory authority whatsoever.

**BALTIMORE & O. R. CO. et al. v. UNITED STATES (INTERSTATE COMMERCE COMMISSION et al., Interveners).**

District Court, S. D. New York.

Aug. 24, 1937.

For majority opinion, see 20 F.Supp. 273.

HULBERT, District Judge.

With some misgiving, I concur in the opinion of Circuit Court Judge CHASE whose conclusions are inescapable under the law as it now is.

The voluntary inquiry instituted by the Interstate Commerce Commission, "Ex parte No. 104, Practices of Carriers Affecting Operating Revenues and Expenses," was upheld, generally, by the Supreme Court of the United States in the case of United States of America and Interstate Commerce Commission, appellants, v. American Sheet & Tin Plate Co., et al., 301 U.S. 402, 57 S.Ct. 804, 81 L.Ed. ——, and particularly with reference to part 2 of that proceeding having to do with terminal services.

The plaintiffs in the case now before this court have published tariffs including the in transit storage as well as the rates of carriage. The Interstate Commerce Commission has found that under the pub-